**Li Min ZHANG and Steven Yang, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, and Bureau of Immigration and Customs Enforcement, Respondents.**

**No. 03–4429–AG(L), 03–4430–AG(CON) NAC.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for his

Jim Li, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, (Virginia A. Gibson and Richard M. Bernstein, Assistant United States Attorneys, on the brief), Philadelphia, Pennsylvania, for Respondents.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

predecessor, John Ashcroft, as a respondent in this case.

## SUMMARY ORDER

Petitioners Li Min Zhang and Steven Yang petition for review of the February 2003 order of the BIA dismissing their appeal of the order of the immigration judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

This Court reviews the factual findings of the BIA under the substantial evidence standard, under which "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003) (internal quotations and citations omitted). Credibility determinations are given "the same deference on review as other factual determinations," but the BIA must give "specific, cogent" reasons for rejecting testimony on credibility grounds. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft*, 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. This Court will reverse the BIA's credibility finding if it is "based upon speculation or upon an incorrect analysis of the testimony." *Ramsameachire*, 357 F.3d at 178. However, "[t]o warrant reversal of the BIA's decision, [the petitioner] must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

In this case, the BIA's conclusion was supported by substantial evidence. At the same time, the "inconsistency" relied on by both the IJ and the BIA with respect to Zhang's exit from China in 1989, based on her answer to a question on her 1992 application for asylum, is insignificant. The question did not ask why she had left China, but rather why she was staying in Nigeria. Moreover, the statement attached to her 1992 application clearly indicates that she left China to avoid arrest, which was consistent with her 1998 application and her testimony. Nevertheless, to the extent that the BIA erred in relying on this inconsistency to support its conclusion, the error was harmless.

For the foregoing reasons, the petitions for review are DENIED.